IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON


UNITED STATES OF AMERICA,

    Plaintiff,

v.

LOREN SAMUEL WILLIAMSON,

    Defendant.

No. CR 02-60017-AA

OPINION AND ORDER

AIKEN, Judge:

    On June 17, 2003, this court presided over a stipulated facts trial and found defendant guilty of knowingly transporting child pornography in violation of 18 U.S.C. § 2252A(a)(5)(B). Upon motion by the government, the court dismissed charges of possessing materials containing child pornography.

    On March 8, 2005, the court sentenced defendant to a 180-month term of imprisonment and a three-year term of supervised release.

1    - OPINION AND ORDER

Defendant appealed his conviction and sentence, and the Ninth Circuit affirmed the district court judgment.

Defendant now moves to vacate, set aside, or correct his sentence pursuant to 28 U.S.C. § 2255 on grounds that his sentence 1) violated his Sixth Amendment right to jury trial, because the court rather than a jury decided facts that increased his sentence, and 2) violated his rights to due process because the court continued sentencing until the Supreme Court rendered its decision in United States v. Booker, 543 U.S. 220 (2005).

Defendant maintains that his sentence is unlawful, because he received a sentencing enhancement based on facts neither admitted by him nor found by jury beyond a reasonable doubt. See Apprendi v. New Jersey, 530 U.S. 466 (2000). As found by the Ninth Circuit on direct appeal, after Booker the Sentencing Guidelines are advisory, and any fact-finding by the court did not increase defendant's sentence beyond the statutory maximum. See United States v. Williamson, 439 F.3d 1125, 1140 (9th Cir. 2006).

Next, defendant argues that his sentence violated his due process rights, because the court continued sentencing until after the Supreme Court had rendered its decision in Booker. This argument, too, was rejected by the Ninth Circuit, finding that defendant was given fair warning of the potential maximum sentence. Id. at 137 n.13; see also United States v. Dupas, 419 F.3d 916, 920-21 (9th Cir. 2005), cert. denied, 547 U.S. 1011 (2006).

2   - OPINION AND ORDER

Moreover, "[w]hen a defendant has raised a claim and has been given a full and fair opportunity to litigate it on direct appeal, that claim may not be used as basis for a subsequent § 2255 petition." United States v. Hayes, 231 F.3d 1132, 1139 (9th Cir. 2000) (citing United States v. Redd, 759 F.2d 699, 700-701 (9th Cir. 1985)). On direct appeal, the Ninth Circuit rejected both grounds asserted by defendant in his § 2255 motion. Therefore, defendant cannot relitigate these claims through a collateral attack on his sentence.

Accordingly, defendant's Motion to Vacate, Set Aside or Correct Sentence (doc. 87) is DENIED.

IT IS SO ORDERED.

Dated this 5 day of September, 2007.

_____
Ann Aiken
United States District Judge

3   - OPINION AND ORDER